```
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
IRVING H. PICARD,

        Plaintiff,

        -v-

SONJA KOHN, ERWIN KOHN, ROBERT KOHN, RINA
HARTSTEIN, MOISHE HARTSTEIN, MORDECHAI
LANDAU, ERKO, INC., EUROVALEUR, INC.,
INFOVALEUR, INC., TECNO DEVELOPMENT &
RESEARCH S.R.L., TECNO DEVELOPMENT &
RESEARCH LTD., SHLOMO AMSELEM, HASSANS
INTERNATIONAL LAW FIRM, HERALD ASSET
MANAGEMENT LTD., 20:20 MEDICI AG, PETER
SCHEITHAUER, ROBERT REUSS, UNICREDIT BANK
AUSTRIA AG, GERHARD RANDA, STEFAN
ZAPOTOCKY, BANK AUSTRIA WORLDWIDE FUND
MANAGEMENT LTD., URSULA RADEL-
LESZCZYNSKI, UNICREDIT S.p.A., ALESSANDRO
PROFUMO, PIONEER GLOBAL ASSET MANAGEMENT,
S.P.A., et al., PALLADIUM CAPITAL
ADVISORS LLC, WINDSOR IBC, INC.,
MARIADELMAR RAULE, FRANCO MUGNAI, PAUL de
SURY, DANIELE COSULICH, ABSOLUTE
PORTFOLIO MANAGEMENT LTD., MEDICIFINANZ
CONSULTING GmbH, MEDICI S.R.L., MEDICI
CAYMAN ISLAND LTD., BANK MEDICI AG
(GIBRALTAR), REVITRUST SERVICES EST.,
HELMUTH FREY, MANFRED KASTNER, JOSEF
DUREGGER, ANDREAS PIRKNER, WERNER
TRIPOLT, ANDREAS SCHINDLER, FRIEDRICH
KADRNOSKA, WERNER KRETSCHMER, WILHELM
HEMETSBERGER, HARALD NOGRASEK, BANK
AUSTRIA CAYMAN ISLANDS LTD., GIANFRANCO
GUTTY, SOFIPO AUSTRIA GmbH, M-Tech
SERVICES GmbH, BRERA SERVIZI AZIENDIALE
S.R.L., REDCREST INVESTMENTS, INC., LINE
GROUP LTD., LINE MANAGEMENT SERVICES
LTD., LINE HOLDINGS LTD., HERALD CONSULT
LTD., JOHN AND JANE DOES 1-100,

        Defendants.
------------------------------------------x
In re:

MADOFF SECURITIES

------------------------------------------x
JED S. RAKOFF, U.S.D.J.

12-cv-2661 (JSR)
12-cv-2660 (JSR)

ORDER

7/31/14

Defendants in these two civil cases moved to withdraw the reference to the Bankruptcy Court on a number of issues. The Court previously withdrew the reference on a consolidated basis on issues concerning section 546(e), section 548(c), and common law claims, and has since issued decisions addressing each of these. See No. 12-mc-115, ECF Nos. 460, 489, 509. There remain pending in these two cases motions to withdraw the reference to determine issues concerning whether the Trustee has standing to assert RICO claims, whether the "RICO amendment" to the Private Securities Litigation Reform Act preempts these claims, whether RICO applies extraterritorially, and whether the Trustee has adequately stated a claim for relief under RICO. See Letters of Joseph Serino, Jr., P.C., dated July 18, 2014 (docketed herewith). These legal issues have already been adequately addressed by the Court. See Picard v. Kohn, 907 F. Supp. 2d 392 (S.D.N.Y. 2012). Accordingly, these adversary proceedings are hereby returned to the Bankruptcy Court, which can apply this squarely on-point precedent to the facts of these cases.

The Clerk of Court is directed to close item 1 on the docket of each of these cases and close the cases.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
July 30, 2014

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Joseph Serino, Jr., P.C.
To Call Writer Directly:
(212) 446-4913
joseph.serino@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

July 18, 2014

**By Hand Delivery**

The Honorable Jed S. Rakoff
United States District Judge
United States District Court
  for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Picard v. Kohn*, Case No. 12-cv-02661-JSR

Dear Judge Rakoff:

    We represent Redcrest Investments, Inc. ("Redcrest"), Line Group Ltd., Line Management Services Ltd., and Line Holdings Ltd. (collectively, the "Line Entities," and, together with Redcrest, the "Redcrest/Line Defendants"), all of whom are Defendants in the *Picard v. Kohn* Adversary Proceeding currently pending in the U.S. Bankruptcy Court for the Southern District of New York (Adv. Pro. No. 10-5411-smb) and all of whom are parties to a motion to withdraw the reference in the above-captioned case pending before Your Honor. We write, pursuant to the Court's order dated June 10, 2014, to inform the Court of certain issues raised in the motion to withdraw the reference filed by the Redcrest/Line Defendants on or about March 30, 2012, which remain unresolved as of this date.

    The motion to withdraw the reference filed by the Redcrest/Line Defendants asked the Court to withdraw the reference to the Bankruptcy Court to decide four issues: (1) whether the Trustee has standing under SIPA to assert common law claims against third parties like the Redcrest/Line Defendants and/or whether SLUSA preempts such claims; (2) whether the Trustee has standing under SIPA to assert RICO claims against those same defendants; (3) whether the Trustee's RICO claims are preempted by the Private Securities Litigation Reform Act's RICO Amendment; (4) whether RICO applies extraterritorially; and (5) whether the Trustee has adequately stated a claim for relief under RICO. The Court withdrew the reference, in part, to resolve the first issue (and has done so pursuant to its December 6, 2013 Order on standing and SLUSA issues). However, the Court has not to date withdrawn the reference with respect to the remaining issues.

Beijing    Chicago    Hong Kong    Houston    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Jed S. Rakoff
July 18, 2014
Page 2

The RICO claims against the Redcrest/Line Defendants are materially identical to the RICO claims that the Trustee asserted against other Defendants in the *Kohn* litigation with respect to whom this Court withdrew the reference to address these same issues. On June 3, 2011, this Court withdrew the reference to the Bankruptcy Court with respect to Unicredit Bank Austria AG, UniCredit S.p.A., Alessandro Profumo, and Pioneer Global Asset Management, S.p.A. in order to address, among other things, whether the Trustee lacked standing to bring his RICO claims, whether those claims were barred because they are extraterritorial in nature or are barred by the PSLRA, and whether the Trustee failed to plausibly allege the elements of a RICO claim. *See Picard v. Kohn*, Case No. 11-cv-1181 (JSR) (Order, Dkt. #55). Having withdrawn the reference, the Court then held that (1) the Trustee lacked standing to bring the RICO claims because he had not pled proximate cause; (2) the PSLRA RICO Amendment barred the Trustee's claims because they are predicated on underlying securities law violations; and (3) the Trustee's allegations "utterly fail to state a claim" under Fed. R. Civ. P. 12(b)(6).[1] *Picard v. Kohn*, 907 F. Supp. 2d 392, 396-97, 399-401 (S.D.N.Y. 2012). As such, the Court dismissed the RICO counts against the moving defendants in that case.

The Court's holdings in the *Kohn* case are equally applicable to the Redcrest/Line Defendants, and the RICO claims against them should be dismissed on the same bases. As such, the Redcrest/Line Defendants respectfully request that the Court withdraw the reference with respect to these issues and that they be given an opportunity to move to dismiss the RICO claims asserted against them.

We remain available at the Court's convenience to answer any questions it may have with respect to the foregoing.

Respectfully submitted,

Joseph Serino, Jr., P.C.

---

[1] The Court did not need to reach the question of whether RICO applies extraterritorially.

ORIGINAL

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  | 601 Lexington Avenue<br>New York, New York 10022 |  |
|---|---|---|
| Joseph Serino, Jr., P.C.<br>To Call Writer Directly:<br>(212) 446-4913<br>joseph.serino@kirkland.com | (212) 446-4800<br><br>www.kirkland.com | Facsimile:<br>(212) 446-4900 |

July 18, 2014

**By Hand Delivery**

The Honorable Jed S. Rakoff
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Picard v. Kohn*, Case No. 12-cv-02660-JSR

Dear Judge Rakoff:

We represent Franco Mugnai, a Defendant in the *Picard v. Kohn* Adversary Proceeding currently pending in the U.S. Bankruptcy Court for the Southern District of New York (Adv. Pro. No. 10-5411-smb). Dr. Mugnai filed a motion to withdraw the reference in the above-captioned case pending before Your Honor. We write, pursuant to the Court's order dated June 10, 2014, to inform the Court of certain issues raised in the motion to withdraw the reference filed by Dr. Mugnai on or about March 30, 2012, which remain unresolved as of this date.

The motion to withdraw the reference filed by Dr. Mugnai asked the Court to withdraw the reference to the Bankruptcy Court to decide seven issues: (1) whether the Section 546(e) safe harbor provision barred certain clawback claims asserted by the BLMIS Trustee; (2) whether Dr. Mugnai could avail himself of the Section 548(c) defense to actual fraudulent conveyances; (3) whether the Trustee has standing under SIPA to assert common law claims against third parties like Dr. Mugnai and/or whether SLUSA preempts such claims; (4) whether the Trustee has standing under SIPA to assert RICO claims against those same defendants; (5) whether the Trustee's RICO claims are preempted by the Private Securities Litigation Reform Act's RICO Amendment; (6) whether RICO applies extraterritorially; and (7) whether the Trustee has adequately stated a claim for relief under RICO. The Court withdrew the reference, in part, to resolve the first three issues (and has done so pursuant to subsequent orders of the Court). However, the Court has not to date withdrawn the reference with respect to the remaining four issues.

KIRKLAND & ELLIS LLP

The Honorable Jed S. Rakoff
July 18, 2014
Page 2

       The RICO claims against Dr. Mugnai are materially identical to the RICO claims that the Trustee asserted against other Defendants in the *Kohn* litigation with respect to whom this Court withdrew the reference to address these same issues. On June 3, 2011, this Court withdrew the reference to the Bankruptcy Court with respect to Unicredit Bank Austria AG, UniCredit S.p.A., Alessandro Profumo, and Pioneer Global Asset Management, S.p.A. in order to address, among other things, whether the Trustee lacked standing to bring his RICO claims, whether those claims were barred because they are extraterritorial in nature or are barred by the PSLRA, and whether the Trustee failed to plausibly allege the elements of a RICO claim. *See Picard v. Kohn*, Case No. 11-cv-1181 (JSR) (Order, Dkt. #55). Having withdrawn the reference, the Court then held that (1) the Trustee lacked standing to bring the RICO claims because he had not pled proximate cause; (2) the PSLRA RICO Amendment barred the Trustee's claims because they are predicated on underlying securities law violations; and (3) the Trustee's allegations "utterly fail to state a claim" under Fed. R. Civ. P. 12(b)(6).[1] *Picard v. Kohn*, 907 F. Supp. 2d 392, 396-97, 399-401 (S.D.N.Y. 2012). As such, the Court dismissed the RICO counts against the moving defendants in that case.

       The Court's holdings in the *Kohn* case are equally applicable to Dr. Mugnai, and the RICO claims against him should be dismissed on the same bases. As such, Dr. Mugnai respectfully requests that the Court withdraw the reference with respect to these issues and that he be given an opportunity to move to dismiss the RICO claims asserted against him.

       We remain available at the Court's convenience to answer any questions it may have with respect to the foregoing.

                                                   Respectfully submitted,

                                                   Joseph Serino, Jr., P.C.

---

[1] The Court did not need to reach the question of whether RICO applies extraterritorially.